# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Walter McCollough, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 5:20-cv-138-TMC |
| v. ) | |
| ) | **ORDER** |
| ) | |
| Travis Bragg, *in his official* ) | |
| *Capacity as* Warden *of Bennettsville* ) | |
| *Federal Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Walter McCollough, a federal prisoner serving a sentence resulting from a manslaughter conviction in the District of Columbia, brought this action under 28 U.S.C. § 2241 seeking an order directing the United States Parole Commission ("USPC") to reassess his parole eligibility. (ECF No. 1). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Respondent filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, (ECF No. 8), and Petitioner filed a response in opposition (ECF No. 10). Before the court is the Report and Recommendation ("Report") of the magistrate judge recommending that the court deny Respondent's motion to dismiss. (ECF No. 15). Respondent filed objections to the Report (ECF No. 16), and, on January 19,

2021, Petitioner filed a reply to the objections, (ECF No. 17). The matter is now ripe for review.

## I. Background

Petitioner was sentenced by the Superior Court for the District of Columbia to fifteen years to life for voluntary manslaughter while armed. (ECF Nos. 1 at 3; 8 at 1). The USPC enjoys sole jurisdiction over parole considerations for D.C. Code felony offenders. D.C. Code § 24-131(c); *see Holt v. United States Parole Commission*, No. 2:15-CV-529, 2016 WL 7646366, at *3 (E.D. Va. Nov. 21, 2016). USPC developed its own guidelines to make parole decisions for offenders under the D. C. Code. Under these guidelines, USPC determines a "base guideline range," which is used to calculate the presumptive sentence that a prisoner must serve before becoming eligible for parole. The range can be adjusted upward or downward over time to account for disciplinary infractions and to reward prisoners for "superior program achievement." 28 C.F.R. § 2.80(e). Pursuant to this regulation, the USPC "*shall assess* whether the prisoner has demonstrated ordinary or superior achievement in the area of prison programs, industries, or work assignments while under confinement for the current offense. Superior program achievement means program achievement that is beyond the level that the prisoner might ordinarily be expected to accomplish." 28 C.F.R. § 2.80(e) (emphasis added).

Petitioner had his initial parole hearing in May 2013. Prior to the hearing, the USPC prepared a prehearing assessment indicating that "this examiner did not identify any specific months for superior program achievement (SPA), but given [Petitioner's] participation in Challenge and no disciplinary infractions, the [hearing] examiner may find that some type of SPA award would be appropriate." (ECF No. 8-3). During the hearing, the examiner listed the numerous programs Petitioner had completed or participated in and asked follow-up questions about various programs. (ECF No. 1-5 at 10–13). Following the hearing, the examiner indicated "[Petitioner] has completed a number of programs. The Pre-Hearing provides a complete list of his programs over the past 11 years. The Examiner is not awarding superior program achievement reduction at this time." (ECF No. 8-4). The examiner concluded that Petitioner participated in "a moderate amount of programming" and "is currently in the CHALLENGE program." *Id*. The USPC subsequently issued a Notice of Action that did not award a reduction for superior program achievement. (ECF No. 8-5).

Petitioner's second parole hearing was conducted in 2016. The prehearing assessment noted that "the Hearing Examiner may award a [Superior Program Achievement]" in light of Petitioner's "substantial programming [and] completion of the Challenge Program." (ECF No. 8-6). Following the 2016 parole hearing, the Petitioner was awarded a parole guidelines reduction of 12 months for superior program achievement. (ECF Nos. 8-7; 8-8).

3

Petitioner then filed an administrative appeal of the USPC's 2013 decision following his initial hearing, seeking to have superior program achievement retroactively awarded. (ECF No. 8-9). A case administrator reviewed the appeal and recommended to the USPC that Petitioner's guideline range be further reduced to account for his participation in the Inmate Suicide Companion Program for the 5 years preceding his initial parole hearing. (ECF No. 8-10). The USPC disagreed with the recommendation. *Id*.

Petitioner had a third parole hearing in September 2018, following which he was granted another reduction for superior program achievement. (ECF No. 8-14). The USPC scheduled another parole hearing for October 2021. *Id*.  Subsequently, the USPC moved Petitioner's hearing date to October 2020, at which time it granted him parole with a release date of July 3, 2021. (ECF No. 17).

Petitioner raises two claims in this § 2241 petition. First, Petitioner contends that during the initial hearing the USPC failed to address his program achievement as required by 28 C.F.R. § 2.80(e) and, therefore, lacks a rational basis. (ECF No. 1 at 11–15).  Second, Petitioner contends that the USPC's failure to adhere to 28 C.F.R. § 2.80(e) in its 2013 decision or to include an explanation for its decision to not award a superior program achievement reduction violated his due process rights. *Id*. at 15–17.  Respondent filed a motion to dismiss under Rules 12(b) and 12(b)(6), arguing (1) that USPC complied with the regulation requiring it to assess whether a

4

prisoner has shown superior program achievement, (ECF No. 8 at 6–10), and (2) that the regulation at issue does not create a protected liberty interest, *id*. at 10–12.

The magistrate judge issued a Report recommending the court deny the motion to dismiss, concluding that Petitioner stated a viable claim for relief based on the allegations of the § 2241 petition, as well as the record appended to and referenced therein. (ECF No. 15 at 9). The magistrate judge found that "the hearing examiner's comments during the initial parole hearing . . . that superior programming can be denied regardless of the programming completed due to the nature of the offense" as well as "the absence of an explanation in the July 25, 2013 Notice of Action" could be viewed as contrary to 28 C.F.R. § 2.80(e). *Id*. Therefore, the magistrate judge concluded that Petitioner "has alleged sufficient facts" to establish that the USPC failed to follow its own regulations by "declining to award Petitioner superior program achievement" at the 2013 initial parole hearing. *Id*.

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of

5

the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate

6

judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

### III. Discussion

#### A.

Respondent raises several objections. (ECF No. 16). The first two can be grouped and discussed together. Respondent objects to the magistrate judge's application of the standards set forth in Rules 12(b)(1) and Rules 12(b)(6) and the failure to cite to the Rules Governing § 2254 Cases. *Id*. at 4. Respondent further objects to the magistrate judge's failure to make a dispositive recommendation whether to grant or deny the petition. *Id*. at 2. As an initial matter, Respondent's motion asks the court to dismiss the petition *under Rules 12(b)(1) and 12(b)(6)* and, presumably, the standards set forth therein. (ECF No. 8). The court declines to entertain Respondent's objection to the magistrate judge's application of those same standards. Courts commonly review a motion to dismiss a habeas petition under the standards set forth in Rule 12(b)(6). *See Bey v. Hooks*, No. 5:15-hc-2097-FL, 2018 WL 2465471, at *3 (E.D.N.C. June 1, 2018); *Jenkins v. Warden, FCI Edgefield*, No. C.A. 5:14-cv-03687, 2015 WL 5474880, at *7 (D.S.C. Sept. 16, 2015), *aff'd*, 644 F.

7

App'x 229 (4th Cir. 2016); *Spiegelmann v. Erfe*, No. 3:17-cv-2069, 2018 WL 1582549, at *1 (D. Conn. 2018) (noting the "Court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)"). Furthermore, while Respondent is correct that the court may deny a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," Rule 4 of the Rules Governing § 2254 and Habeas Corpus Cases, he has pointed to no authority *requiring* the court to dispositively grant or deny a § 2241 petition when presented with a motion to dismiss. Therefore, the court concludes that neither of these specific objections provide a basis for rejecting the Report.

**B.**

Respondent next objects to the Report on the basis that it recommends denying the motion to dismiss based on a review of the merits of the USPC's parole decision. (ECF No. 16 at 8–11). Instead, Respondent contends that the only question that is proper for review by a federal court is whether the USPC has "assessed" a prisoner's program achievement as required by the regulations. *Id*. at 9–11. The court agrees with Respondent's objection.[1]

---

[1] In light of the court's disposition of this matter, the court need not address any other objections lodged by Respondent.

8

"When evaluating a Rule 12(b)(6) motion to dismiss a habeas petition, the court may consider any exhibits attached to the petition, and 'matters of public record such as documents from prior state court proceedings' without converting the motion into one for summary judgment." *Bey*, 2018 WL 2465471, at *3 (quoting *Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009)). Petitioner has appended his parole commission records to the petition and both parties rely on these documents. The court may properly consider them in ruling on this motion.

Petitioner's first claim is that during the initial hearing the USPC failed to assess his program achievement as required by its own regulations, *see* 28 C.F.R. § 2.80(e), and, therefore, its decision lacks a rational basis. (ECF No. 1 at 11–15). The decision to award credit for superior program achievement is a discretionary one. *See, e.g.*, *Crutchfield v. U.S. Parole Comm'n*, 438 F. Supp. 2d 472, 478 (S.D.N.Y. 2006). However, "even where action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or *failed to follow its own regulations*." *Garcia v. Neagle*, 660 F.2d 983, 988 (4th Cir. 1981) (emphasis added) (citations omitted). "Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or

9

other restrictions, but may not review agency action where the challenge is only to the decision itself." *Id*. (citation omitted).

The regulation in question provides that the USPC "*shall* assess whether the prisoner has demonstrated ordinary or superior achievement in the area of prison programs, industries, or work assignments." 28 C.F.R. § 2.80(e) (emphasis added). The regulations further direct that, "[i]f superior program achievement is found, the award for superior program achievement shall be one-third of the number of months during which the prisoner demonstrated superior program achievement." 28 C.F.R. § 2.80(k). The USPC is only required by this language to make an assessment whether a prisoner's program achievement is superior or ordinary. *See Perkins v. Hastings*, No. 06-cv-31-DLB, 2006 WL 2414067, at *4 (E.D. Ky. Aug. 18, 2006). "[E]ven if the U.S.P.C. determines that an inmate has demonstrated superior program achievement, it 'may', but need not, advance the inmate's presumptive release date." *Id*. Based on the record appended to the petition, there is no question the USPC performed its required assessment during Petitioner's initial parole hearing in 2013. As previously noted, the examiner's prehearing notes listed the numerous programs Petitioner had completed. (ECF No. 8-3). During the hearing, the examiner and Petitioner discussed Petitioner's participation in these programs at length, prompting follow-up questions from the examiner about various programs. (ECF No. 1-5 at 10–13). Following the hearing, the examiner acknowledged

10

"[Petitioner] has completed a number of programs[,]" but found Petitioner's achievement at that time to be "moderate" and declined to award a superior program achievement reduction. (ECF No. 8-4). The USPC subsequently issued a Notice of Action that did not award a reduction for superior program achievement. (ECF No. 8-5). The court concludes that Petitioner failed to state a plausible claim with regard to his first ground for relief.

Petitioner's second ground for relief asserts that the USPC's failure to adhere to 28 C.F.R. § 2.80(e) in its 2013 decision or to include an explanation for its decision to not award a superior program achievement reduction violated his due process rights. (ECF No. 1 at 15–17). To state such a due process claim, Petitioner must first allege sufficient facts to show that "there exists a liberty or property interest which has been interfered with by the State." *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Second, Petitioner must demonstrate that "the procedures attendant upon that deprivation were constitutionally sufficient." *Id*. For Petitioner "to satisfy the protectible liberty interest requirement, he must show that the regulations contain 'explicitly mandatory language,' *i.e.*, specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." *Perkins*, 2006 WL 2414067, at *3–4 (quoting *Thompson*, 490 U.S. at 463). As previously explained, even if the USPC concludes that an inmate has demonstrated superior program achievement, an award advancing

11

the inmate's presumptive release date is not required by the regulations. *Id*. at *4. Accordingly, Petitioner has failed to state a due process claim. *See id*.

### IV. Conclusion

For the foregoing reasons, the court declines to adopt the Report (ECF No. 15), **GRANTS** Respondent's motion to dismiss (ECF No. 8), and **DISMISSES** the petition (ECF No. 1).

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 25, 2021
Anderson, South Carolina